Delfina Porras DE HERRERA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72716.

United States Court of Appeals, Ninth Circuit.

Submitted April 11, 2007.*

Filed July 12, 2007.

Regional Counsel, Western Region Immigration & Naturalization Service, Lagu-

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

na Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, FERNANDEZ, and SILER,\*\* Circuit Judges.

### MEMORANDUM \*\*\*

Delfina Porras De Herrera petitions for review of the Board of Immigration Appeals' (BIA) decision affirming, without opinion, the Immigration Judge's (IJ) order that she be excluded and deported from the United States. De Herrera was a Special Agricultural Applicant (SAW) who held a valid Form I–688A temporary travel and work card, but she was refused reentry into the United States because her application for temporary resident status had been denied. She argues that she should not be excluded because 8 C.F.R. § 210.4(b) does not support the IJ's decision and her situation is analogous to advance parole travel authorization. We deny review.

De Herrera's interpretation of § 210.4(b) is misguided. The temporary travel benefits afforded to an alien under the SAW provisions terminate upon a final decision on the alien's underlying application for residency. Section 210.4(b)(2) is effective "prior to the granting of temporary resident status." *Id.* Further, SAW status remains effective for a time "not exceeding 1 year, *pending final determination on the application for temporary resident status.*" *Id.* (emphasis added). Therefore, the intent of the regulation is to allow an alien to remain in the country only while her application is pending. De Herrera knew that her application for temporary resident status had been denied when she left the country, but she chose to travel outside of the United States anyway.

De Herrera offers no authority to support her contention that her case is analogous to *Navarro–Aispura v. INS*, 53 F.3d 233 (9th Cir.1995). In *Navarro–Aispura*, the alien had advance parole status. *Id.* at 235. Advance parole is offered on a discretionary basis by the Attorney General to an otherwise excludable and deportable alien so that the alien may return to the United States after an approved trip abroad. 8 U.S.C. § 1182(d)(5). The alien in *Navarro–Aispura* had permission to leave the country whereas De Herrera did not. 53 F.3d at 235. Further, De Herrera's SAW status arose from a congressional amnesty program that was designed to give illegal alien workers the opportunity to become lawful permanent residents and has little to do with travel authorization. *See Ortiz v. Meissner,* 179 F.3d 718 (9th Cir.1999). Thus, the two are not analogous, and De Herrera's attempt to draw comparisons to *Navarro–Aispura* is without merit.

**PETITION DENIED.**

---

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.